IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE S. DAHLKE,

 Plaintiff,

v.                   Case No. 12-cv-669

CLIFTONLARSONALLEN, LLP,

 Defendant.

---

## COMPLAINT

---

NOW COMES THE PLAINTIFF, Michelle S. Dahlke, by her attorneys Gingras, Cates & Luebke, S.C., by Paul A. Kinne, and hereby states and alleges the following as her Complaint in the above referenced matter.

### NATURE OF PROCEEDINGS

1. This is a civil action under the Equal Pay Act and 29 U.S.C. sec. 206, et seq., brought to redress the unlawful and unequal pay the Defendant implemented with respect to Michelle Dahlke and her male counterpart. This civil action is also brought to redress the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, when it discriminated against her on the basis of pay because of her sex.

### PARTIES

2. Michelle Dahlke (Dahlke) is the plaintiff in this case. At all times relevant hereto, she has resided in Stoughton, Wisconsin.

3. The Defendant, CliftonLarsonAllen, LLP (CLA), acted as Dahlke's employer at all times material hereto.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over plaintiff's claims pursuant to Equal Pay Act and 29 U.S.C. sec. 206, et seq., Title VII and 28 U.S.C. §§ 1331 and 1343.

5. Venue in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391 is proper insofar as the parties have significant contacts in this district, and the conduct underlying the complaint took place within the Western Judicial District.

## FACTUAL ALLEGATIONS

6. Dahlke, a female, began her employment with CLA in 2006.

7. In 2009, Dahlke held the title of Senior Executive Search Consultant (SESC) and performed the duties of the position.

8. In 2009, Dahlke's male co-worker, Michael Armstrong, held the title SESC and performed the duties of the position.

9. February 29, 2012, was Dahlke's last date of employment with CLA.

10. From approximately the middle of 2009 through February 29, 2012, CLA paid Armstrong more in salary than it paid Dahlke.

11. At all times relevant hereto, Dahlke and Armstrong performed equal work as SESCs, said work requiring substantially similar skill, effort and responsibilities.

12. At all times relevant hereto, Dahlke and Armstrong performed their duties as SESCs under similar working conditions.

13. The differential in pay between Dahlke and Armstrong was not the result of a seniority system.

14. The differential in pay between Dahlke and Armstrong was not the result of a merit system.

15. The differential in pay between Dahlke and Armstrong was not the result of a system that measures earnings by quantity or quality of production.

16. The differential in pay between Dahlke and Armstrong was because Dahlke is female and the other SESCs were males.

17. In 2009, CLA gave Armstrong a larger raise than it gave Dahlke.

18. In 2009, CLA gave Armstrong a bonus, but did not give Dahlke a bonus.

19. In 2010, CLA gave Armstrong a larger raise than it gave Dahlke.

20. In 2010, CLA gave Armstrong a larger bonus than it gave Dahlke.

21. In 2011, CLA gave Armstrong a larger bonus than it gave Dahlke.

22. In 2010, Dahlke brought the pay differential to the attention of CLA management, but nothing was done to rectify the situation.

## COUNT 1
## CLA VIOLATED THE EQUAL PAY ACT

23. Plaintiff restates paragraphs 1 - 22 as if set forth fully herein.

24. By paying Dahlke's male counterpart more than it paid her, as described above, CLA violated the Equal Pay Act.

25. This conduct caused Dahlke severe and permanent emotional, psychological and economic injuries.

## COUNT 2
## CLA VIOLATED TITLE VII

26. Plaintiff restates the paragraphs 1 - 25 as if set forth fully herein.

27. Because CLA paid Armstrong more than it paid Dahlke because of Dahlke's gender, CLA violated Title VII.

28. Said violation has caused Dahlke severe and permanent emotional, psychological and economic injuries.

WHEREFORE, the plaintiff demands a trial by a six person jury on all of her claims for relief, and judgment against the Defendant as follows:

A. An award of compensatory damages against the defendant that will justly compensate the plaintiff for her losses, including but not limited to economic injuries, emotional distress, and psychological suffering;

B. An award of punitive damages in an amount sufficient to punish CLA and deter others from acting similarly;

C. An award of plaintiff's reasonable attorneys' fees and costs incurred in this action;

D. Pre- and post-judgment interest; and

E. Such other relief as the Court deems just and appropriate.

Dated this 14th of September, 2012.      s/ Paul A. Kinne
　　　　　　　　　　　　　　　　　　　　　Attorney Paul A. Kinne
　　　　　　　　　　　　　　　　　　　　　State Bar No. 1021493
　　　　　　　　　　　　　　　　　　　　　Gingras, Cates & Luebke
　　　　　　　　　　　　　　　　　　　　　8150 Excelsior Drive
　　　　　　　　　　　　　　　　　　　　　Madison, WI 53717
　　　　　　　　　　　　　　　　　　　　　Telephone: 608-833-2632
　　　　　　　　　　　　　　　　　　　　　Fax: 608-833-2874
　　　　　　　　　　　　　　　　　　　　　kinne@gcllawyers.com